# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 09 B 22263 |
| LATANYA NEWTON ) | HON. BAER |
| ) | CHAPTER 13 |
| DEBTOR ) | |

## NOTICE OF MOTION

TO:   Marilyn Marshall, 224 S. Michigan Ave., Suite 800, Chicago, IL 60604;

U.S. Trustee, Patrick S. Layng, Office of the U.S. Trustee, Region 11,
219 S Dearborn St., Room 873, Chicago, IL 60604; and

Bank of America, N.A., c/o C T Corporate System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604, P.O. Box 5170, Simi Valley, CA 93062

Please take notice that on Thursday, July 24, 2014 at 9:30 a.m., I shall appear before the Honorable Judge Baer, in room 615 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois, 60602, and present the attached Motion for Civil Contempt, and you may appear if you so choose.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he sent the attached motion on June 20, 2013 to:

The Chapter 13 Trustee listed above, via electronic notice;

The U.S. Trustee listed above via, electronic notice;

Bank of America, N.A., via First Class U.S. Postal Mail, postage pre-paid, to the addresses listed above.


/s/   Punit Marwaha
Attorney for Debtor

Robert J. Semrad & Associates, L.L.C.
20 S. Clark Street, 28th Floor
Chicago, IL 60603
(312) 447-3703

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 09 B 22263 |
| LATANYA NEWTON | ) | HON. BAER |
| | ) | CHAPTER 13 |
| DEBTOR | ) | |

### DEBTOR'S MOTION FOR CIVIL CONTEMPT FOR VIOLATION OF DISCHARGE PURSUANT TO 11 U.S.C. § 524(a)(2)

NOW COMES Debtor, by and through her attorneys, Robert J. Semrad and Associates, L.L.C., and moves this Honorable Court to find Bank of America, N.A. in contempt of Court for violation of the discharge order granted pursuant to 11 U.S.C  524(a)(2).  In support thereof, the following is stated:

1. Prior to filing, Debtor incurred a debt to Countrywide Home Lending (hereinafter, "Countrywide") for a second mortgage on a property located at 6637 S. Francisco, Chicago, IL 60629 (hereinafter, "Property").

2. On June 18, 2009, Debtor filed a petition for relief pursuant to Chapter 13, Title 11 U.S.C.

3. The debt to Countrywide was listed as a creditor in Debtor's bankruptcy petition.

4. Debtor's Chapter 13 plan, filed on June 18, 2009, called for the strip of the lien on the second mortgage held by Countrywide.

5. This modified plan was confirmed by This Honorable Court on August 6, 2009.

6. No objection to this plan was made by Countrywide.

7. At some point after Debtor's case was filed, the debt to Countrywide was transferred to Bank of America, N.A. (hereinafter, "Bank of America").

8. Debtor received her Order of Discharge on April 22, 2013.

9. Despite going through a bankruptcy and receiving her discharge, Bank of America

continues to act to collect this discharged debt.

10. Bank of America continues to report this debt as due on Debtor's credit report (see attached, "Exhibit A").

11. Debtor has attempted to contact Bank of America several times after receiving her discharge in regards to the attempts to collect a discharged debt (see attached, "Exhibit B").

12. Debtor has spoken to a representative of Bank of America, Tawana, who told Debtor that they were aware of the bankruptcy, but would require an adversary proceeding to strip the lien, rather than be bound by the language of the confirmed plan.

13. Under 11 U.S.C. § 362 of the Bankruptcy Code, upon the commencement of a bankruptcy case, any acts to collect or recover a claim against the debtor that arose before the commencement of the case must cease. *In re Smurzynski*, 72 B.R. 368, 371 (Bkrtcy.N.D.Ill. 1987).

14. If the debtor is granted a discharge, the permanent injunction of 11 U.S.C. § 524 replaces the automatic stay of 11 U.S.C. § 362 and prevents creditors from ever collecting a discharged debt. *In re Martin*, 162 B.R. 710, 715 (Bkrtcy.C.D.Ill 1993).

15. Here, Bank of America continues to collect a pre-petition debt by contacting Debtor, and reporting the debt as due on Debtor's credit report, despite notice of Debtor's bankruptcy, and despite notice of Debtor's discharge.

16. These actions to collect a discharged debt would be a violation of 11 U.S.C. § 362, but, as Debtor has received a discharge, the automatic stay provision is replaced by the permanent injunction of 11 U.S.C. § 524. *In re Martin* at 715.

17. The 7th Circuit Court of Appeals has previously ruled that the provisions of a confirmed [Chapter 13] plan are binding on the debtor and each creditor. *In re Chappell*, 984 F.2d 775, 782 (7th Cir. 1993).

18. Where a party is notified of a plan's contents and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate, and the party's failure to avail itself of that opportunity will not justify relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure (voiding a judgment). *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276 (2010).

19. Because Bank of America stated to Debtor that they had notice of Debtor's bankruptcy, and neither they, nor the original creditor Countrywide, filed an objection to Debtor's Chapter 13 plan, they are thus bound by the language of the plan which calls for the lien to be stripped, and discharged.

20. Debtor is entitled to her actual damages, including attorneys' fees.

21. "*Any* violation of the discharge injunction is punishable by damages, *including punitive damages*…" *In re Vazquez*, 221 B.R. 222, Bkrtcy. N.D. Ill., 1998 (citing *Owen v. Treadway*, (*In re Owen*), 169 B.R. 261, 263 (Bankr.D.Me.1994)) (emphasis added).

22. Punitive damages may be awarded in Civil Contempt cases in the form of coercive sanctions. A coercive sanction must afford the contemnor the opportunity to "purge", meaning the contemnor can avoid *punishment* by complying with the court order. *Employers and Operating Engineers Local 520 Pension Fund v. Aura Contracting, L.L.C.*, 2011 WL 4708205, 2 (S.D.Ill 2011) (emphasis added).

23. Here, Bank of America had an opportunity to "purge" themselves of contempt of This Court's Order of Discharge by ceasing all collection activities when they received Debtor's bankruptcy information.

24. In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure. *In re Sumpter*, supra at 845 (citing *In re M.J. Shoearama*, 137 B.R. 182 (Bankr.W.D.Pa.1992)).

25. Bank of America's conduct involves the act of contacting Debtor to attempt to collect a debt discharged in Debtor's bankruptcy, as well as reporting the debt as still owed on Debtor's credit report.

26. Upon information and belief, Bank of America is a large, national corporation who would likely be able to pay punitive damages.

27. Bank of America's motive was to try and collect on a debt discharged in the bankruptcy, despite notice of the bankruptcy proceeding.

28. Debtor did nothing to provoke Bank of America to act to collect on this discharged debt.

29. Bank of America, as a large, national lending company that regularly deals with consumer loans, likely deals with bankruptcies on a daily basis and should be familiar with the Bankruptcy Code. Thus, they are a sophisticated creditor.

30. Said conduct warrants punitive damages.

WHEREFORE, the Debtor prays this Honorable Court for the following relief:

A. Enter an order enjoining Bank of America, N.A. from taking any further collection activity for a discharged debt;

B. Enter an order directing Bank of America, N.A. to pay Debtor's attorneys' fees, in an amount to be proven up;

C. Enter an order directing Bank of America, N.A. to pay Debtor's punitive damages, in the amount of $10,000; and

D. For any and all other relief this Court deems just and fair.

Respectfully Submitted,

_/s/ Punit Marwaha_
Attorney for Debtor
Robert J. Semrad & Associates, L.L.C.
20 S. Clark St. 28th Floor
Chicago, IL 60603
(312) 447-3703